UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JORGE LUIS DOUGLAS, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:23-CV-149-TAV-JEM |
| | ) | 3:21-CR-078-TAV-JEM-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Petitioner Jorge Luis Douglas Jr. has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Doc. 1; Case No. 3:21-cr-78 ("Criminal Case"), Doc. 42].[1] The government responded in opposition [Doc. 4]. Because, based on the record, it plainly appears that petitioner is not entitled to relief, it is not necessary to hold an evidentiary hearing,[2] and petitioner's § 2255 motion [Doc. 1; Criminal Case, Doc. 42] will be **DENIED**.

## I. Background

On January 24, 2022, petitioner entered a guilty plea to the sole count of the indictment charging him with being a felon in possession of firearm and ammunition, in

---

[1] All docket citations refer to the civil case unless otherwise indicated.

[2] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

violation of 18 U.S.C. § 922(g)(1) [Criminal Case, Docs. 3, 19, 23]. The revised presentence investigation report ("RPSR") calculated petitioner's guideline range as 27 to 33 months [Doc. 31 ¶ 57]. On July 12, 2022, the Court entered a final judgment, sentencing petitioner to 27 months' imprisonment followed by 3 years' supervised release [Criminal Case, Doc. 36]. Petitioner did not appeal.

On May 1, 2023, Petitioner filed the instant § 2255 motion [Doc. 1]. Petitioner raises two related grounds for relief. Specifically, he argues that his guilty plea was not knowing and voluntary and his counsel was ineffective because counsel did not inform him of the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), which was issued a few weeks prior to his sentencing [*Id.* at 4–5]. Petitioner asserts that, had he been made aware of *Bruen*, he would have asked to withdraw his plea and proceed to trial and/or would have sought a direct appeal [*Id.*].

**II.    Legal Standard**

The Court must vacate, set aside, or correct a prisoner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255. To obtain relief under § 2255 because of a constitutional error, the error must be one of "constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619,

637 (1993)). A § 2255 petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence, *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006), and must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

**III. Analysis**

    **A. Knowing and Voluntary Guilty Plea**

The Court will first address petitioner's claim that his plea was not knowing and voluntary because counsel did not advise him about the Supreme Court's decision in *Bruen*.

"[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." *Bousley v. United States*, 523 U.S. 614, 621 (1998). A claim that a plea is not intelligent because petitioner was not fully advised of his rights prior to sentencing can be "fully and completely addressed on direct review[,] and thus, is procedurally defaulted if not first raised on direct review. *Id*. at 622. If a claim is procedurally defaulted because a petitioner has not raised it on direct appeal, he may only raise it in a collateral attack if he can demonstrate cause and actual prejudice or that he is "actually innocent." *Id*. The "actual innocence" standard requires a finding of factual innocence, not mere legal insufficiency. *Id*. at 623. Petitioner has not alleged that he is factually innocent of the offense of conviction, and therefore, any claim that his guilty plea was not knowing and voluntary is procedurally defaulted, and is due to be denied on this ground.

However, even if petitioner did not procedurally default his claim that his plea was not knowing and voluntary, the Court notes that *Bruen* was not decided until after petitioner entered his guilty plea, and therefore, could not have impacted whether that plea was knowing and voluntary. And "[a] valid plea agreement . . . requires knowledge of existing rights, not clairvoyance." *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005). At the time of petitioner's guilty plea, the Sixth Circuit had expressly held that the prohibition on felons possessing firearms was constitutional under the Second Amendment. *United States v. Carey*, 602 F.3d 738, 741 (6th Cir. 2010) (citing *United States v. Frazier*, 314 F. App'x 801 (6th Cir. 2008)). Thus, defendant's claim that his plea was not knowing and voluntary because he was unaware of the Supreme Court's future decision in *Bruen* is **DENIED** as both procedurally defaulted and, alternatively, meritless.

B.   **Effective Assistance of Counsel**

Claims of ineffective assistance of counsel are cognizable under § 2255. *Massaro v. United States*, 538 U.S. 500, 508–09 (2003). A petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). First, he must identify specific acts or omissions to prove that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *Strickland*, 466 U.S. at 687, as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689

4

(providing that a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance").

Second, a petitioner must also establish "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691. Because a petitioner "must satisfy *both* prongs of *Strickland* to obtain relief on an ineffectiveness claim, the inability to prove either one of the prongs—regardless of which one—relieves the reviewing court of any duty to consider the other." *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (en banc); *accord Strickland*, 466 U.S. at 697.

### 1. Plea Withdrawal

"Under Rule 11(d), a defendant may withdraw a guilty plea if 'the defendant can show a fair and just reason for requesting the withdrawal.'" *United States v. Catchings*, 708 F.3d 710, 717 (6th Cir. 2013) (quoting Fed. R. Crim. P. 11(d)(2)(B)). In determining whether a defendant has shown "fair and just reason" for withdrawing a guilty plea, courts consider the totality of the circumstances. *Id.* at 717–18 (quoting *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994)). "Plea withdrawals should generally not be allowed where a defendant has made a tactical decision to enter a plea, waited several weeks, and then believes he made a bad choice in pleading guilty." *United States v. Haywood*, 549 F.3d 1049, 1052–53 (6th Cir. 2008) (internal quotation marks and alterations omitted).

5

Here, Petitioner has not shown a reasonable probability that, had he moved to withdraw his guilty plea based on the Supreme Court's decision in *Bruen*, the Court would have granted such motion. The only ground he raises in support of his claim that his counsel should have advised him to withdraw his plea is the Supreme Court's decision in *Bruen*. But *Bruen* did not address the validity of petitioner's criminal charge for being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1). Indeed, *Bruen* specifically and repeatedly limited its holding to "law-abiding citizens." *Bruen*, 597 U.S. at 8–10. Thus, there is no reasonable probability that, had petitioner moved to withdraw his plea, the Court would have granted his motion. Therefore, counsel was not ineffective in failing to advise petitioner to move to withdraw his plea based on *Bruen*.

Moreover, even if petitioner could show that his counsel performed deficiently, he cannot show that he suffered any prejudice as a result. The revised presentence investigation report ("RPSR") indicated that defendant had prior felony convictions for both third degree burglary and aggravated assault [RPSR ¶¶ 29, 34]. Post-*Bruen*, the Sixth Circuit has held that "§ 922(g)(1) might be susceptible to an as-applied challenge in certain cases." *United States v. Williams*, 113 F. 4th 637, 657 (6th Cir. 2024). Specifically, the court stated:

> In determining whether an individual has met his burden to demonstrate that he is not dangerous, and thus falls outside of § 922(g)(1)'s constitutionally permissible scope, courts—much like the officials of old—must focus on each individual's specific characteristics. That necessarily requires considering the individual's entire criminal record—not just the predicate offense for purposes of § 922(g)(1).

6

*Id.* at 657–58.  The court noted that "certain categories of past convictions are highly probative of dangerousness, while others are less so." *Id.* at 658.  First, there are "crimes against the person" which include "dangerous and violent crimes like murder, rape, assault, and robbery." *Id.*  The Sixth Circuit stated that "[o]ffenses in this category speak directly to whether an individual is dangerous" and such is "at least strong evidence that an individual is dangerous, if not totally dispositive on the question." *Id.*  Second, there are crimes that "while not strictly crimes against the person, may nonetheless pose a significant threat of danger." *Id.* at 659.  Examples of this type of crime includes drug trafficking and burglary. *Id.*  "Ultimately, most of these crimes put someone's safety at risk, and thus, justify a finding of danger." *Id.*  Based on this case law, even if petitioner's attorney had advised him to move to withdraw his plea, and even if petitioner had successfully withdrawn his plea, petitioner has not shown that the outcome of this case would have changed, as petitioner's prior convictions fully support a determination of dangerousness, and therefore, support application of § 922(g) as to him.

Accordingly, petitioner's claim based on ineffective assistance of counsel regarding advice to withdraw his guilty plea is **DENIED**.

### 2. Appeal

"[A]n attorney is per se ineffective if she disregards a defendant's express instructions to file an appeal." *Neill v. United States*, 937 F.3d 671, 676 (6th Cir. 2019) (citing *Roe v. Flores-Ortega*, 528 U.S. 470 (2000)).  Additionally, an attorney must consult with a defendant if a rational defendant would want to appeal or when that

7

defendant reasonably demonstrated interest in appealing. *Id.* Petitioner does not allege that he requested counsel to file an appeal or ever discussed the possibility of filing an appeal with counsel. Moreover, petitioner has not shown that a rational defendant would have wanted to appeal under the circumstances. The Court notes that petitioner pleaded guilty, indicating that he sought an end to judicial proceedings. *Flores-Ortega*, 528 U.S. at 480. Moreover, given that *Bruen* has no impact on petitioner's conviction under § 922(g), petitioner has set forth no valid grounds upon which a rational defendant would seek to appeal. Petitioner is therefore unable to show that his attorney's performance was constitutionally ineffective, and this claim is rejected as meritless.

Further, even if petitioner could show that his counsel was ineffective in failing to file an appeal based on *Bruen*, for the reasons discussed above, petitioner has not shown that he suffered any prejudice as a result.

Accordingly, petitioner's claim of ineffective assistance of counsel relating to the filing of a direct appeal is **DENIED**.

IV. **Conclusion**

For the reasons stated above, the Court finds that petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255, and his motion to vacate, set aside or correct sentence [Doc. 1; Criminal Case, Doc. 42] will be **DENIED** and this civil action will be **DISMISSED**. A hearing is unnecessary in this case. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal.

8

*See* Fed. R. App. P. 24.  Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE.**  28 U.S.C. § 2253; Fed. R. App. P.  22(b).  A separate judgment will enter.

    IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE